[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This summary process action was brought by the plaintiff, Town of Branford, against the defendant, Stony Creek Granite Company, LLC, on the basis of nonpayment of rent. The defendant has raised three separate grounds to dismiss the plaintiff's complaint, all of which allege lack of subject matter jurisdiction.
The first ground raised by the defendant asserts that the notice to quit is legally insufficient to terminate the lease because the plaintiff failed to comply with the notice provisions set out in an Estoppel Certificate executed by the plaintiff with Intervenor, Citizen's Bank of Connecticut. Although the defendant's allegations, if proven, would defeat the plaintiff's summary process action, they should more properly be raised as a special defense. The allegations neither implicate subject matter jurisdiction nor do they render the notice to quit defective. The Motion to Dismiss is denied as to the defendant's first ground.
The defendant next argues that the notice to quit is equivocal because two notices were served with different quit dates. The first notice, served on April 9, 2002 with a quit date of April 12, 2002, is clearly defective because it fails to give the defendant three clear days to quit possession, as required by Connecticut General Statutes, Section 47a-23 (a). The second notice, with a quit date of April 15, 2002, is, on its face, valid. "[I]t is illogical to conclude that an invalid notice to quit cannot sustain a summary process action. We conclude that the first notice to quit was invalid for all purposes, including the termination of the . . . tenancy." Bridgeport vs. Barbour-Daniel Electronics, Inc.,16 Conn. App. 574, 584 (1988). The Motion to Dismiss is denied as to the defendant's second ground for dismissal.
The defendant's final ground for dismissal of the action is that the notice to quit is legally insufficient because the tenant tendered payment before service of the notice to quit. As with the first ground, this should more properly be raised by the defendant as a special CT Page 11460 defense. It does not render the notice to quit jurisdictionally defective, and, therefore, the Motion to Dismiss is denied as to the third ground.
BY THE COURT
Leavitt, J. CT Page 11461